Filed 6/27/14  In re Julio N. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re JULIO N., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JULIO N.,<br><br>Defendant and Appellant. | F067719<br><br>(Super. Ct. No. MJL017680)<br><br><br>**OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Thomas L. Bender, Judge.

R. Randall Riccardo, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Kari Ricci Mueller, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]	Before Poochigian, Acting P.J., Detjen, J., and Sarkisian, J.†

†	Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## INTRODUCTION

On April 23, 2012, a petition was filed pursuant to Welfare and Institutions Code section 602, alleging that appellant, Julio N., committed the following misdemeanor offenses:  throwing a rock at an ambulance (Veh. Code, § 23110, subd. (a), count 1), disobeying a peace officer (Veh. Code, § 2800, subd. (a), count 2), and resisting, obstructing, or delaying a peace officer or emergency technician (Pen. Code, § 148, subd. (a)(1), count 3).  At the conclusion of a contested jurisdiction hearing on May 31, 2013, the juvenile court found the allegations to be true.

On July 19, 2013, the juvenile court found appellant to be a ward of the court and placed him on probation upon various terms and conditions.  Among the many conditions of probation, the court ordered appellant "not to be the member of any gang, [or] act in furtherance of, in association with, or for the benefit of any gang."  The court ordered appellant "not to associate with any person known to [him] to be a gang member, and … not to frequent any area where gang members are known by [him] to congregate, or areas known to [him] for gang related activity."

The appellant was ordered "not to wear or possess any clothing or items and display any hand signs [of] gang significance or which are indicia of gang membership including colors, symbols, insignias, numbers, monikers, and patterns, which are known to [him] to be such and as may be identified as such by law enforcement or probation officers."  The court also ordered appellant "not to knowingly associate with any person or persons presently on probation or parole."

Appellant contends the trial court's conditions of probation regarding gang membership and involvement and association with persons on probation or parole are constitutionally vague and overbroad and must be modified.  In light of this court's decision in *People v. Lopez* (1998) 66 Cal.App.4th 615, 630-634 (*Lopez*), the respondent concedes the term "gang" as used in the juvenile court's orders is vague.  Respondent

argues that the prohibition on association with known persons on parole or probation is not vague and/or any potential ambiguity on the knowledge requirement can be inferred from the condition.  We agree with respondent.

## FACTS

At 2:30 p.m., on April 17, 2012, David Sims and Kenny Contreras were working as an emergency medical technician and paramedic, respectively, with Pistoresi Paramedics.  The two were responding in an ambulance to a life threatening, high priority call in Madera County, with the ambulance lights and sirens activated.  As Sims and Contreras approached the intersection of Olive Avenue and Roosevelt Street, they saw a group of juveniles standing near the edge of the street.  As they drove by, a person later identified as appellant threw an object at the passenger side of the ambulance.

Sims and Contreras continued on their emergency call but called their dispatcher who in turn contacted the police.  Sims later saw a small dent on the side of the ambulance.  Appellant was detained and Sims and Contreras later identified appellant during an in-field identification.

## CONDITIONS OF PROBATION

Appellant challenges three conditions of his probation for being constitutionally vague and overbroad.

Our Supreme Court has explained that juvenile courts have wide discretion to select and impose any condition that is reasonable and fitting to accomplish justice as well as reformation and rehabilitation of the minor.  Although adult and juvenile probation share the goal of rehabilitation of the offender, probation for minors is not an act of leniency as it is with adults.  A condition of probation that would be unconstitutional for an adult probationer may be permissible for a minor under the supervision of the juvenile court.  (*In re Sheena K*. (2007) 40 Cal.4th 875, 889.)  The probation condition of urine testing for drugs and alcohol is permissible even when the

minor's offense does not involve drugs or alcohol and the minor's social history indicates no drug or alcohol use. (*In re Kacy S.* (1998) 68 Cal.App.4th 704, 709-711.)

Although the juvenile court's orders prohibiting appellant's membership and association with gang members had a requirement that he have knowledge that his potential associates were members of a gang, the gang restriction itself did not define a gang as it is set forth in Penal Code section 186.22, subdivisions (e) and (f). In *Lopez*, this court held that the term "gang," by itself, was too unconstitutionally vague to give a defendant proper notice of those he or she cannot associate with. (*Lopez*, *supra*, 66 Cal.App.4th at pp. 630-634.) *Lopez* held that the proper remedy was to order the modification of the gang association condition by including reference to gangs as defined by Penal Code section 186.22, subdivisions (e) and (f). (*Lopez, supra,* at p. 634.) We will do so here.

Appellant further argues the condition that appellant "not to knowingly associate with any person or persons presently on probation or parole" is also unclear and vague. According to appellant, the modifying term "knowingly" modifies only the word following it, "associate." Appellant argues that as written, the condition does not accurately inform appellant that he must avoid persons that he knows are on parole or probation. Appellant would rewrite the condition to prohibit association with those appellant knows are on parole or probation.

We reject appellant's parsing of this condition. Appellant's construction would effectively cut the condition into two meaningless and unrelated halves. Such a construction would lead to an absurd result. A reasonable reading and construction of the sentence leads us to interpret the word "knowingly" to modify not just the word "associate" that follows it, but the entire sentence. We find that this condition of probation effectively notifies appellant that he cannot associate with anyone he knows is

4

on parole or probation. We therefore reject appellant's assertion that this condition is ambiguous or vague.[1]

## DISPOSITION

The case is remanded to the juvenile court to modify the gang terms and conditions of prohibition to define the term "gang" in each such condition to the definition set forth in Penal Code section 186.22, subdivisions (e) and (f). The orders of the juvenile court are otherwise affirmed.

---

[1] We further find that the knowledge, or scienter, element is also reasonably implicit in this probation condition. (See *People v. Rodriguez* (2013) 222 Cal.App.4th 578, 592-594.)